IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

CHADRICK LOWTHER,

    Plaintiff,

v.                                                                    Civil Action No. 3:22-cv-00362

PHH MORTGAGE CORPORATION,

    Defendant.

## COMPLAINT

1.     This case arises out of home mortgage servicing abuse, wherein a large national servicer, here, Defendant PHH Mortgage Corporation (herein "PHH"), abuse consumers, here, Plaintiff Chadrick Lowther, by miscalculating escrow, changing the monthly payment amount, and then failing to comply with its federal obligations and subjecting the Plaintiff to forfeiture of his home.  Defendant told Plaintiff that he was overpaying on his monthly escrow amount and refunded thousands of dollars that were escrowed for taxes.  In order to do so, Defendant failed to pay the property taxes, despite a clear duty to do so.  Defendant's recklessness caused Plaintiff to nearly lose his home before paying the taxes, along with accrued interest and fees, which should have been paid by Defendant.

### PARTIES

2.     (a)     <u>Plaintiff</u>:  Chadrick Lowther is a resident of Winfield, West Virginia.

       (b)     Mr. Lowther is a clinical pharmacist working in the Intensive Care Unit of a hospital at all times relevant herein, including during the COVID-19 pandemic.

3.     <u>Holder and Servicer</u>:  Defendant PHH Mortgage Corporation, (PHH) is a national company organized under the laws of New Jersey with a principal office at 1 Mortgage Way, Mt. Laurel, NJ, 08054, and doing business in West Virginia.

**STATEMENT OF FACTS**

4. Plaintiff Chadrick Lowther signed a note and deed of trust in September 2020 to refinance his home at Winfield, West Virginia.

5. PHH became the loan servicer on September 1, 2021, less than a year after Mr. Lowther entered into the loan.

6. PHH services Plaintiff's loan on behalf of the loan holder Freddie Mac and was assigned the servicing rights and assumed all servicing obligations under the loan agreements.

7. On October 1, 2021, PHH mailed Mr. Lowther a notice stating that his payment would be lowered and that $2,934.97 would be refunded because he had overpaid his escrow account.

8. Escrow accounts are typically designed to collect monthly installments so that the borrower has sufficient funds to pay property taxes and insurance when they become due.

9. Mr. Lowther relied on PHH to perform its professional duties as a loan servicer and relied upon PHH's representation that he had overpaid his escrow.

10. Mr. Lowther's mortgage payment, including monthly amounts designated for escrow funding, was always current and was never thirty days late.

11. PHH had an obligation to pay Mr. Lowther's property taxes out of an established escrow account that it was required to maintain.

12. Thereafter, Mr. Lowther received a notice from the Sheriff of Putnam County advising that he had an unpaid tax lien on his home and that his home would be sold on November 18, 2021 unless he paid $1,658.20 in taxes and fees.

13. Mr. Lowther promptly paid the past due taxes, fees, and costs on October 20, 2021.

14. On November 22, 2021, Mr. Lowther mailed a qualified written request to PHH providing PHH with a notice of servicing errors.

15. On November 22, 2021, Mr. Lowther also gave notice that he was represented by counsel specifically with regard to the subject loan and had this notice mailed to PHH's registered agent with the West Virginia Secretary of State by certified mail, return receipt requested, clearly providing the name, address and telephone number of his attorney.

16. Accordingly, direct communications with the Plaintiff should have ceased within three business days of receipt of this notice.

17. Nonetheless, PHH continued to communicate directly with Mr. Lowther.

18. Thereafter, PHH communicated with Mr. Lowther that he owed additional amounts because his monthly payments were insufficient to cover the necessary costs of the loan and escrow obligation.

19. PHH stated that he had underpaid and that additional amounts would be added to his debt payment each month to cover an escrow shortage.

20. Accordingly, in a short period of time, PHH informed Mr. Lowther that he was overpaying escrow and then under paying escrow and adjusted his payment according to its various miscalculations and did so while failing to correctly pay county taxes.

21. PHH misrepresented the amount of escrow necessary to keep the mortgage debt in good standing.

22. PHH's failed to properly calculate the necessary escrow payment and improperly refunded escrow funds to Mr. Lowther resulted in an escrow shortage on his mortgage payment.

23. Moreover, instead of putting forth a good faith effort to properly calculate the monthly payment due from the Plaintiff and properly pay the county tax department, Defendant subjected him to forfeiture of his home. In doing so, it failed to keep Plaintiff updated as to the status of the annual property tax obligation.

24. If Plaintiff had known that Defendant was not properly calculating the debt obligation that Plaintiff paid each month, Plaintiff would have sought alternatives to satisfy the tax obligation without being forced to pay fees and costs and suffer humiliation and fear of the loss of his home.

25. Plaintiff would not have faced forfeiture but for Defendant's misleading and contradictory statements.

26. Plaintiff has suffered stress, annoyance and inconvenience, and fear of loss of home.

27. Pursuant to W.Va. Code § 46A-5-108, Plaintiff provided a cure notice to the Defendant on May 3, 2022.

28. Pursuant to statute, Defendant had at least 45 days from receiving the notice to make a cure offer and failed to do so.

## COUNT I - UNLAWFUL DEBT COLLECTION

29. Plaintiff incorporates the preceding paragraphs by reference.

30. A mortgage loan is a "Claim" as defined by W.Va. Code § 46A-2-122(b) because it is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes."

31. PHH engages in "Debt collection" as defined by W.Va. Code § 46A-2-122(c) because it took "action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer."

32. PHH is a "Debt collector" as defined by W.Va. Code § 46A-2-122(d) because it is an "organization engaging directly or indirectly in debt collection."

33. Defendant attempted to collect money alleged to be due and owing by threatening to take action prohibited by the Real Estate Settlement Procedures Act, which regulates PHH's conduct, in violation of W.Va. Code § 46A-2-124(f).

34. Defendant made misleading representations in an effort to collect on a debt or obtain information about Plaintiff, in violation of W.Va. Code § 46A-2-127.

35. Defendant misrepresented the character, extent, and amount of Plaintiff's loan when it misrepresented the escrow obligation, modified Plaintiff's payments without proper analysis, refunded amounts needed for tax obligations and mischaracterizing the need for these funds, and in failing to pay Plaintiff's taxes in violation of W.Va. Code § 46A-2-127(d).

36. Defendant engaged in unfair unconscionable means to collect a debt when it misrepresented the escrow obligation, modified Plaintiff's payments without proper analysis, refunded amounts needed for tax obligations and mischaracterizing the need for these funds, and in failing to pay Plaintiff's taxes in violation of W.Va. Code § 46A-2-128.

37. Defendant communicated with a consumer on multiple occasions more than three business days after it received written notice from the consumer or his or her attorney that the consumer was represented by an attorney specifically with regard to the subject debt in violation of W.Va. Code § 46A-2-128(e).

## COUNT II: VIOLATION OF REGULATION X

38. Plaintiff incorporates the previous paragraphs by reference.

39. The Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq* ("RESPA"), provides that "a servicer of a federally related mortgage shall not…fail to comply with any other obligation found by the Bureau of Consumer Financial Protection ("CFPB"), by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."  12 U.S.C. § 2605(k)(1)(E).

Case 3:22-cv-00362 Document 1 Filed 08/29/22 Page 6 of 7 PageID #: 6

40. The CFPB promulgated regulations pursuant to RESPA and created a private right of action for consumers for violations of Regulation X.

41. RESPA § 2605(g) requires a servicer to make payments from an escrow account for taxes, insurance, and other charges "in a timely manner as such payments become due."

42. Reg. X § 1024.17(k)(2) requires that as long as the borrower's mortgage payment is not more than thirty days late, the servicer must pay escrow items such as taxes and insurance in a timely manner even if there are not sufficient funds in the escrow account to cover the items.

43. PHH is the servicer of federally related mortgage loans, including the Plaintiff's loan.

44. The Deed of Trust required Plaintiff to make payments to an escrow account.

45. PHH failed to perform an appropriate escrow analysis and make the necessary tax payments.

46. At the time the tax payment was due or past due, Plaintiff was not more than thirty days delinquent in making mortgage payments.

47. Plaintiff had to pay fees and costs in addition to the delinquent taxes in order to prevent the loss of his home.

48. Upon information and belief, PHH has engaged in a pattern and practice of failing to properly calculate escrow and pay taxes that are due.

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

A. Actual damages pursuant to §46A-5-101 and 12 U.S.C. 2605(f)(1)(A);

B. General and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress and other losses suffered by the Plaintiff as a direct and proximate result of Defendant's conduct against Plaintiff;

Page 6 of 7

C. Statutory damages as permitted by the *West Virginia Consumer Credit and Protection Act* and pursuant to 12 U.S.C. 2605(f)(1)(B);

D. Prejudgment and post judgment interest on all amounts allowed by law;

E. All costs and attorneys' fees incurred in pursuing this action pursuant to W.Va. Code § 46A-5-104 and 12 U.S.C. 2605(f)(3); and

F. Such other relief as this Court deems fair and proper in the interest of justice.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

CHADRICK LOWTHER,

By: /s/ *Jason E. Causey*
Jason E. Causey #9482
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410
jcausey@bordaslaw.com

Jed R. Nolan #10833
Nolan Consumer Law, PLLC
PO Box 654
Athens, WV 24712
(304) 207-0066
jed@protectwvconsumers.com